No. CR 11 00472

CR 11 R 00270

SEALED BY ORDER
RMW OF COURT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**FILED**

JUL 13 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

### *SAN JOSE DIVISION*

## THE UNITED STATES OF AMERICA

*vs.*

### KEVIN CHEN CHIEH YANG

## INDICTMENT

-Counts One through Seven: 18 U.S.C § 1343 - Wire Fraud

-18 U.S.C. § 981(a)(1)(C)and 28 U.S.C. § 2461 - Forfeiture of Fraud Proceeds

*A true bill.*

*Mary Elizabeth Sladek*
*Foreperson*

*Filed in open court this* ___13___ *day of* ___July___

*A.D. 2011*

UNITED STATES MAGISTRATE JUDGE

DOCUMENT NO.        CSA's
                    INITIALS

DISTRICT COURT
CRIMINAL CASE PROCESSING

*Bail. $* ___No Bail) Arrest Warrant___

SEALED BY ORDER
OF COURT

FILED

JUL 13 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10                        SAN JOSE DIVISION

CR11 00472 RMWHRL

11  UNITED STATES OF AMERICA,          )   No. CR
12            Plaintiff,               )
                                       )   VIOLATIONS: 18 U.S.C. § 1343 — Wire
13        v.                           )   Fraud; 18 U.S.C. § 981(a)(1)(C) and 28
                                       )   U.S.C. § 2461 — Forfeiture of Fraud
14  KEVEN CHEN CHIEH YANG,             )   Proceeds
                                       )
15                                     )
                                       )   (SAN JOSE VENUE)
16            Defendant.               )
17                                     )
                                       )
18  _____)

19                      I N D I C T M E N T

20  The Grand Jury charges:

21                  INTRODUCTORY ALLEGATIONS

22        At all times relevant to this Indictment:

23        1.      Keven Chen Chieh YANG was a businessman affiliated with a number of

24  businesses, including but not limited to Triangle SuperGin, OK Sourcing, Westcal, SuperGin,

25  Global Recycle Energy, Inc., Cotton Recovery Inc., and KR Capital Corp.  YANG represented to

26  prospective investors that these companies, the "cotton recycling businesses," were involved in

27  and/or intended to be involved in the business of cotton recycling.  YANG had a personal bank

28  account at Wells Fargo Bank ending in 117 ("YANG Wells Account").

INDICTMENT

2.      L.Y. was an individual living in Palo Alto, California.  L.Y. had a personal bank account at Wells Fargo Bank in Palo Alto, California ending in number 274 ("L.Y. Wells Account").

3.      Y.P.Y. was L.Y.'s father and lived in China.

4.      D.L. was an individual living in Temple City, California.  On or about December 11, 2009, in reliance made on representations made by YANG, D.L. opened a bank account in the name of Cotton Recovery Corp. at Citibank ending in number 507 ("Cotton Recovery Account").

5.      Y.H. was an individual living in Alhambra, California.

6.      L.Y., Y.P.Y., D.L., and Y.H. each invested in the cotton recycling businesses affiliated with YANG.

THE SCHEME TO DEFRAUD

7.      As set forth more fully below, beginning on a date unknown to the Grand Jury, but no later than in or about 2006, and continuing until approximately 2010, both dates being approximate and inclusive, in the Northern District of California and elsewhere, the defendant,

KEVEN CHEN CHIEH YANG,

did devise and intend to devise, and did participate in, a material scheme and artifice to defraud, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises.  In particular, YANG solicited individuals to invest in the cotton recycling businesses described in Paragraph 1, above.  YANG led these individuals to believe that the money they invested would be used for the benefit of those businesses.  Instead, YANG spent a significant amount of the investors' money on personal expenses and, in particular, on gambling at casinos.

8.      As part of the scheme and artifice to defraud, YANG induced L.Y. and Y.P.Y. to invest approximately $4,190,000 in various cotton recycling businesses.  In reliance on representations made by YANG that the money would be used for business purposes, L.Y. deposited money on behalf of himself and Y.P.Y. into the YANG Wells Account.  YANG did not disclose to L.Y. and Y.P.Y. that, in fact, a substantial portion of their investment would be

INDICTMENT

1   used by YANG for personal expenses, including gambling at casinos.  In total, YANG gambled

2   at least $1,500,000 of the money invested by L.Y. and Y.P.Y.

3        9.     In furtherance of the scheme and artifice to defraud, YANG induced D.L. to invest

4   $250,000 in Cotton Recovery Inc., a business YANG claimed he was creating to engage in cotton

5   recycling.  In reliance on representations made by YANG that the money would be used for

6   business purposes, D.L. deposited $250,000 into the Cotton Recovery Account.  YANG did not

7   disclose to D.L. that, in fact, a substantial portion of his investment would be used by YANG for

8   personal expenses, including gambling at casinos.   Unbeknownst to D.L., YANG withdrew

9   approximately $230,000 of the money deposited by D.L. and used it for gambling.

10       10.    In furtherance of the scheme and artifice to defraud, YANG induced Y.H. to

11  invest approximately $98,000 in KR Capital Corp., a business YANG claimed he was creating to

12  engage in cotton recycling.  In reliance on representations made by YANG that the money would

13  be used for business purposes, Y.H. purchased a cashier's check made payable to YANG totaling

14  $45,000 and gave it to YANG.  YANG did not disclose to Y.H. that, in fact, a substantial portion

15  of her investment would be used by YANG for personal expenses, including gambling at casinos.

16  In total, YANG gambled at least $45,000 of the money invested by Y.H.

17  <u>COUNTS ONE THROUGH SEVEN</u>:  18 U.S.C. § 1343 — Wire Fraud

18       11.    The factual allegations of paragraphs 1 through 10 of this Indictment are re-

19  alleged and incorporated herein as if set forth in full.

20       12.    On or about the dates set forth in the separate counts below, in the Northern

21  District of California, and elsewhere, for the purpose of executing the aforementioned scheme

22  and artifice to defraud, and attempting to do so, the defendant,

23                 KEVEN CHEN CHIEH YANG,

24  did knowingly cause to be transmitted, in interstate and foreign commerce, by means of a wire

25  communication, certain writings, signs, and signals, specifically, wire transfers of funds, as more

26  specifically described below:

27

28

INDICTMENT

| COUNT | DATE | POINT OF ORIGIN | POINT OF RECEIPT | NATURE OF WIRE COMMUNICATION |
|-------|------|-----------------|------------------|------------------------------|
| 1 | 9/5/2007 | China | Palo Alto, California | Wire transfer of approximately $125,800 to the L.Y. Wells Account |
| 2 | 9/5/2007 | China | Palo Alto, California | Wire transfer of approximately $125,800 to the L.Y. Wells Account |
| 3 | 9/6/2007 | China | Palo Alto, California | Wire transfer of approximately $756,000 to the L.Y. Wells Account |
| 4 | 9/7/2007 | China | Palo Alto, California | Wire transfer of approximately $75,540 to the L.Y. Wells Account |
| 5 | 11/9/2007 | Hong Kong | Palo Alto, California | Wire transfer of approximately $360,000 to the L.Y. Wells Account |
| 6 | 4/14/08 | Hong Kong | Palo Alto, California | Wire transfer of approximately $794,000 to the L.Y. Wells Account |
| 7 | 5/27/08 | Hong Kong | Palo Alto, California | Wire transfer of approximately $1,269,793 to the L.Y. Wells Account |

All in violation of Title 18, United States Code, Section 1343.

FORFEITURE ALLEGATION:  18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461

13.     All of the allegations contained in this Indictment are re-alleged and fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section § 981(a)(1)(C).

14.     Upon a conviction for the offenses alleged in Counts One through Seven above, the defendant,

KEVEN CHEN CHIEH YANG,

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to said offenses, including but not limited to a sum of money equal to the total proceeds from the commission of said offenses.

15.     If, as a result of any act or omission of the defendant, any of said property

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to or deposited with, a third person;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

INDICTMENT

1         e.     has been commingled with other property which cannot be divided without

2               difficulty;

3 any and all interest defendant has in any other property up to the value of the property described

4 above shall be forfeited to the United States pursuant to Title 18, United States Code, Section

5 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461.

6 All in violation of Title 18, United States Code, Sections 981(a)(1)(C), 1343; Title 28, United

7 States Code, Section 2461; and Rule 32.2 of the Federal Rules of Criminal Procedure.

8

9 DATED:                             A TRUE BILL.

10

11                                  FOREPERSON

12

13 MELINDA HAAG
   United States Attorney

14

15 AMBER ROSEN
   Deputy Chief, San Jose Branch Office

16

17 (Approved as to form: _____ )
          AUSA DANNER

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT

SEALED BY ORDER OF COURT

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT

☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

## OFFENSE CHARGED

18 USC section 1343 - Wire Fraud

18 USC section 981(a)(1)(C) & 28 USC 2461(c) - Forfeiture of Fraud Proceeds

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: 20 years maximum imprisonment, $250,000.00 fine; 3 years supervised release; $100.00 special assessment

CR11 00472 RMW HRL

### DEFENDANT - U.S

▶ KEVEN CHEN CHIEH YANG

**FILED**

DISTRICT COURT NUMBER

JUL 13 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY ☐ DEFENSE
}

SHOW DOCKET NO.
_____

☐ this prosecution relates to a pending case involving this same defendant
}

MAGISTRATE CASE NO.
_____

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

_____

Name and Office of Person Furnishing Information on this form    Melinda Haag

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    AUSA Allison Danner

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction    } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed?    ☐ Yes    If "Yes" give date filed
                            ☐ No

DATE OF ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

_____

Date/Time:    Before Judge:

Comments: