TYLER A. BAKER (CSB No. 65109)
tbaker@fenwick.com
SAUNDRA L. M. RILEY (CSB NO. 218084)
sriley@fenwick.com
SHEEVA J. GHASSEMI-VANNI (CSB No. 246639)
sghassemi@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorney for Third-Party
FENWICK & WEST LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>KEVEN CHEN CHIEH YANG,<br><br>Defendant. | Case No. CR 11-00472 - RMW<br><br>**DECLARATION OF SHEEVA J. GHASSEMI-VANNI IN SUPPORT OF THIRD PARTY FENWICK & WEST LLP'S MOTION TO QUASH DEFENDANT KEVEN CHEN CHIEH YANG'S SUBPOENA TO PRODUCE DOCUMENTS OR OBJECTS IN A CRIMINAL CASE**<br><br>Date: February 28, 2013<br>Time: 10:30 a.m.<br>Dept. 5<br>Judge: Hon. Paul Grewal |

DECLARATION OF SHEEVA J. GHASSEMI-VANNI ISO THIRD PARTY FENWICK & WEST LLP'S
MOTION TO QUASH SUBPOENA
CASE NO. CR 11-00472-RMW

## DECLARATION OF SHEEVA J. GHASSEMI-VANNI

I, Sheeva J. Ghassemi-Vanni, declare as follows:

1.  I am an attorney duly admitted to practice in California and before this Court. I am an associate at the law firm of Fenwick & West LLP in Mountain View, California, counsel for Third Party Fenwick & West LLP ("Fenwick") in the above-captioned action. I make this declaration of my own personal knowledge, and, if called as a witness, I could and would testify competently to the facts set forth herein.

2.  Fenwick represented Calvin Yu regarding his investments in Defendant Keven Chen Chieh Yang's ("Defendant") companies and in a civil lawsuit later filed by Mr. Yu against Defendant regarding these investments. Mr. Yu is the alleged victim in this criminal matter.

3.  On or about November 1, 2012, Defendant served Fenwick with a Subpoena to Produce Documents or Objects in a Criminal Case (the "Subpoena"). Attached hereto as **Exhibit A** is a true and correct copy of the Subpoena. The Subpoena seeks production of: "All documents . . . related to [the Firm's] representation of Lin Calvin Yu and/or his father, Ya Peng Yu, from 2005 to the present, in which Lin Calvin Yu and/or his father discussed investments in companies associated with Keven Yang, . . . including but not limited to [nine identified companies]. This request includes emails and letters and texts from firm attorney(s) to and from the clients, draft contracts, opinion letters, communications with non-clients, notes of phone calls and meetings, and billing information, including the time spent for each itemized expense and the times and dates related to that representation."

4.  In Defendant's *Ex Parte* Application and Declaration of Michael W. Armstrong in Support of Request for Subpoena Duces Tecum, Mr. Armstrong claimed that the requested documents will support his client's version of the facts regarding how, when, where, and why certain events relating to Mr. Yu's investments in Defendant's companies transpired. Attached hereto as **Exhibit B** is a true and correct copy of the *Ex Parte* Application and Declaration of Michael W. Armstrong in Support of Request for Subpoena Duces Tecum. He also stated that his client seeks "specific, evidentiary, [and] relevant" information.

1

5.      On November 26, 2012, Mr. Armstrong and I discussed the scope of the Subpoena. During that call, I requested that he produce documents that he claimed showed that Fenwick or Mr. Yu waived the attorney-client privilege as to some of the documents requested by the Subpoena. Mr. Armstrong agreed to produce the documents and to narrow the scope of the Subpoena.

6.      Between November 26, 2012 and January 4, 2013, Mr. Armstrong and I exchanged various emails in which we agreed (on several occasions) to extend Fenwick's deadline to respond to the Subpoena so that Mr. Armstrong could produce the waiver documents.

7.      During conversation and correspondence to Fenwick, Mr. Armstrong repeatedly agreed to narrow the scope of the Subpoena. At no time to date has Mr. Armstrong narrowed the scope of the Subpoena.

8.      Mr. Armstrong has never identified to me a specific document by title, label, date, or page number, nor has he otherwise identified any specific emails, letters, or notes that he seeks in response to the Subpoena. He also has not identified the expected content of the documents he requests or how the content corresponds with the elements of any of the charges pending against Defendant.

9.      On January 4, 2013, over two months after Mr. Armstrong's initial offer to my colleague, Saundra L. M. Riley, Esq., to produce the waiver documents, he sent a letter to me enclosing the documents. Attached hereto as **Exhibit C** is a true and correct copy of the January 4, 2013 correspondence without enclosures. He did not provide a proposed narrowing for the Subpoena. Instead, he generally explained that he needed the requested documents because he believed they would prove that Fenwick representatives met with and provided legal advice to Mr. Yu and Defendant on various occasions during the course of negotiating and drafting the agreements memorializing Mr. Yu's investments in Defendant's businesses, and that the investments are the subject of this criminal prosecution.

10.     I responded to Mr. Armstrong on January 16, 2013, explaining why the documents did not demonstrate waiver and reiterating the demand to narrow the overbroad document request

in the Subpoena. Attached hereto as **Exhibit D** is a true and correct copy of the January 16, 2013 correspondence. I also conveyed in this letter the scope of findings of Ms. Riley's search of Fenwick's files for certain non-privileged documents responsive to the Subpoena.

11. Mr. Armstrong replied in an email to me on January 25, 2013: "It doesn't appear that I am ever going to convince you to part with any of your file, so go ahead and respond to the court in whatever way you choose by February 6, 2013. We will just have to agree to disagree at this point about the Subpena [sic]." Attached hereto as **Exhibit E** is a true and correct copy of the January 25, 2013 email.

12. On February 5, 2013, Mr. Armstrong and I met and conferred regarding the hearing date for this motion. Mr. Armstrong stated that I did not need to file any of Fenwick's moving papers under seal and agreed that I could reference or attach any of the Subpoena-related documents that he previously filed under seal.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on February 6, 2013, at Mountain View, California.

/s/ Sheeva J. Ghassemi-Vanni

3
DECLARATION OF SHEEVA J. GHASSEMI-VANNI ISO THIRD PARTY FENWICK & WEST LLP'S MOTION TO QUASH SUBPOENA
CASE NO. CR 11-00472-RMW