**EXHIBIT A**

CAND 89B (Rev. 1/06) Subpoena to Produce Documents or Objects in a Criminal Case

Clear Form

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

United States of America

v.

KEVEN CHEN CHIEH YANG

**SUBPOENA TO PRODUCE DOCUMENTS OR OBJECTS IN A CRIMINAL CASE**

Case Number: 11-00472 RMW

SEALED BY ORDER OF THE COURT

TO:

Fenwick & West, LLP
801 California Avenue
Mountain View, CA 94041

YOU ARE COMMANDED to produce at the place, date, and time specified the document(s) or object(s) indicated below. If compliance would be unreasonable or oppressive, you may file a motion requesting the court to quash or modify the subpoena, to review the documents *in camera*, or to permit production only pursuant to a protective order.

| PLACE | | | COURTROOM/JUDGE |
|---|---|---|---|
| ☐ United States Courthouse<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | ☑ United States Courthouse<br>280 South First Street<br>San Jose, CA 95113 | ☐ United States Courthouse<br>1301 Clay Street<br>Oakland, CA 94612 | 5/ Paul S. Grewal |
| | | | DATE AND TIME |
| If the document(s) or object(s) are produced in advance of the date specified, either to the court in an envelope delivered to the clerk's office or to the issuing attorney whose name and address appears below, no appearance is necessary. | | | 11/8/12 10:30 am |

The following document(s) or object(s) shall be produced:

See Attachment A

NOTE: Parties requesting a subpoena requiring the appearance of a witness to testify at a criminal proceeding or to testify and bring documents to a criminal proceeding, must use Form CAND 89A, *Subpoena to Testify in a Criminal Case*. Forms are available at the Court's Internet site: http://www.cand.uscourts.gov.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT<br>RICHARD W. WIEKING | DATE |
|---|---|
| (By) Deputy Clerk *[signature]* | OCT 17 2012 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Michael W. Armstrong SBN 87799
600 University Avenue
Palo Alto, CA 94301    (650)326-2980

| CAND 89B (Rev. 1/06) Subpoena to Produce Documents or Objects in a Criminal Case |||
|---|---|---|
| PROOF OF SERVICE |||
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) || FEES AND MILEAGE TENDERED TO WITNESS<br>☐ YES   ☐ NO   AMOUNT $ _____ |
| SERVED BY (PRINT NAME) || TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

ADDITIONAL INFORMATION

Michael W. Armstrong, Esq. (CA SBN 87799)
NOLAN, ARMSTRONG & BARTON, LLP
600 University Avenue
Palo Alto, California  94301
650/326-2980 – Telephone
650/326-9704 – Facsimile
marmstrong@nablaw.com

Attorney for Defendant, KEVEN YANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>vs.<br><br>KEVEN CHEN CHIEH YANG<br><br>    Defendant | No. CR 11-00472 RMW<br><br>**ATTACHMENT A—DEFENDANT'S REQUEST FOR DOCUMENTS BY SUBPOENA BY FENWICK & WEST, LLP** |

## A. DOCUMENTS REQUESTED

### REQUEST NO. 1:

All documents in the possession or under the control of Fenwick & West LLP  related to their representation of Lin Calvin Yu and/or his father, Ya Peng Yu,  from 2005 to the present, in which Lin Calvin Yu and/or  his father discussed investments in companies associated with Keven Yang, defendant herein, including but not limited to Westcal, OK Sourcing, SuperGin, Triangle Textiles, Triangle SuperGin, Global Recycling Energy Inc, Cotton Recovery Inc,, KR Capital Corp, and Charter Equities.  This request includes emails and letters and texts from firm attorney(s) to and from the clients, draft contracts, opinion letters,  communications with non-clients, notes of phone

1

*Fenwick & West. LLP SDT Attachment A*
*U.S. v. Yang – No. CR 11-00472*

calls and meetings, and billing information, including the time spent for each itemized expense and the times and dates related to that representation.

**B. DEFINITIONS**

    1. "DOCUMENT" means all materials referred to in the Federal Rules of Evidence section 1001. "DOCUMENT" includes, but is not limited to, the following: all writings, imprints, or electronic data compilation, of any kind, including the originals and all nonidentical copies, whether different from the original by reason of any notation made on such copies or otherwise, including without limitation: correspondence; memoranda; notes; diaries; statistics; letters; e-mails; materials; invoices; orders; directives; interviews; telegrams; minutes; reports; studies; statements; notebooks; affidavits; drawings; images; transcripts; summaries; pamphlets; brochures; calendars; agreements; contracts; stenographic notes; books; publications; interoffice and intraoffice communications; notations of any sort of conversations, telephone calls, meetings or other communications; bulletins; printed matter; teletype; telefax; worksheets; and all drafts, alterations, modification, changes and amendments of any of the foregoing; graphic or aural recordings or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, records, motion pictures or any other information retrieval systems; and electronic, mechanical, computerized or electrical recordings or representations of any kind, including without limitation, tapes, cassettes, cartridges, discs, chips, and records. The DOCUMENTS requested in this subpoena relate to documents both that are either in YOUR actual or constructive possession, custody or control (including DOCUMENTS in the physical possession of you or your attorneys, investigations, insurers, experts, consultants, or other agents).

    2. The singular of each term or word used herein includes the plural, and the plural includes the singular.

2

*Fenwick & West. LLP SDT Attachment A*
*U.S. v. Yang – No. CR 11-00472*

## C. INSTRUCTIONS

1. Any copy of a DOCUMENT that varies in any way from the original or from any other copy of the DOCUMENT, whether by reason of handwritten or other notation or any omission, constitutes a separate DOCUMENT and must be produced, whether or not the original of such DOCUMENT is within the responding party's possession, custody or control.

2. Each DOCUMENT requested is to be produced in its original file folder, file jacket or cover (or the responding party may, in the alternative, designate in writing the titles of each folder, jacket or cover with respect to each such DOCUMENT) and the company, department, and individual from which those files the DOCUMENT is being produced is to be indicated. DOCUMENTS shall be produced together as a group if they are maintained as a group in the ordinary course of business. DOCUMENTS that are stapled or fastened together should be stapled or fastened together when produced.

3. DOCUMENTS shall be produced in an order corresponding to each paragraph of this DOCUMENT request, or, in the alternative, they may be produced in the same order in which that are maintained in the ordinary course of business.

4. If YOU refuse to produce any DOCUMENT herein requested under a claim of privilege, work product, or other reason for non-production, YOU are requested to submit, in lieu of each DOCUMENT, a privilege log which:

    a.    identifies the privilege, work product, or other asserted reason for non-production;

    b.    describes the nature and general topic of the type of DOCUMENT;

    c.    identifies the person who prepared the DOCUMENT and any persons to whom the DOCUMENT was sent or disclosed;

    d.    identifies any person who has seen or had possession of the document; and,

3

*Fenwick & West. LLP SDT Attachment A*
*U.S. v. Yang – No. CR 11-00472*

e. specifies the dates on which the DOCUMENT was prepared transmitted and received.

5. If any DOCUMENT herein requested was formerly in YOUR possession, custody or control and has been lost, discarded or destroyed, YOU are to submit a written statement that:

a. describes in detail the nature of the DOCUMENT and its contents;

b. identifies the person who prepared the DOCUMENT and, if applicable, the person OR persons to whom the DOCUMENT was sent or disclosed;

c. identifies any person who has seen or had possession of the DOCUMENT;

d. specifies the date(s) on which the DOCUMENT was prepared, transmitted or received;

e. specifies the date on which the DOCUMENT was lost or destroyed, and, if destroyed, the conditions of and reasons for such destruction and the persons requesting and performing the destruction; and,

f. identifies any person with knowledge of the contents or any portion of the contents of the DOCUMENT.

6. If compliance would be "unreasonable or oppressive," YOU "may file a motion to quash or modify the subpoena, for an *in camera* review of the documents, or for an order to permit production only pursuant to a protective order."

Date: September 17, 2012

Respectfully submitted,

NOLAN, ARMSTRONG & BARTON LLP

*/s/ Michael W. Armstrong*
Michael W. Armstrong
Attorney for Defendant
Keven Chen Chieh Yang

4

*Fenwick & West. LLP SDT Attachment A*
*U.S. v. Yang – No. CR 11-00472*